**32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**

**STATE OF LOUISIANA**

NO. 197254                                                    SECTION: " "

JAMIE SAMANIE

VERSUS

WALMART, INC.

FILED: NOV - 5 2021

S/ CHERYL L. BERGERON
DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, JAMIE SAMANIE (Mr. Samanie"), who respectfully presents claims for personal injuries as follows:

### PARTIES

1.

Made Petitioner herein is **JAMIE SAMANIE**, an individual of the full age of majority, domiciled in the Parish of Terrebonne, State of Louisiana.

2.

Made Defendant herein is **WALMART, INC.** ("Walmart" or "Defendant"), a foreign corporation licensed to do, and doing business in the State of Louisiana, who at all relevant times maintained a principal business establishment in the Parish of East Baton Rouge, State of Louisiana, and owned an operated the Walmart Supercenter located in the Parish of Terrebonne, State of Louisiana wherein the incident that forms the subject of this litigation occurred

### JURISDICTION

3.

Jurisdiction is proper in this Court because it maintains subject matter jurisdiction over the dispute based on the object of the demand and the amount in controversy pursuant to Article 2 of the Louisiana Code of Civil Procedure.

### VENUE

4.

Venue is proper in this Court under Article 74 of the Louisiana Code of Civil Procedure, as the injuries that form the subject matter of this suit were sustained in the Parish of Terrebonne.

EXHIBIT A

FAX FILING 11-4-21    Page 1 of 3

**DAVID W. ARCENEAUX**
**JUDGE-DIVISION D**

## FACTUAL ALLEGATIONS

5.

On or about November 4, 2020, Mr. Samanie lawfully entered a Walmart Supercenter, located at 933 Grand Caillou Rd., Houma, LA 70363, a store which upon information and belief is owned and operated by Defendant.

6.

Mr. Samanie went to said Walmart for the purpose of buying sugar for his girlfriend.

7.

After entering the store, Mr. Samanie found the aisle where the sugar was located. Samanie crouched down onto his knees to look for the correct sugar.

8.

At or around the same time that Mr. Samanie was looking for the sugar, a Walmart employee was pushing an industrial 3-shelf utility cart down the same aisle wherein Mr. Samanie was shopping for sugar.

9.

Suddenly and without warning, the Walmart employee crashed the 3-shelf utility cart directly into Mr. Samanie, thereby knocking him to the ground and several feet from where he was initially crouched down.

10.

The accident referred to herein and the resulting injury and damages were caused solely and proximately by the fault and negligence of Walmart in the following non-exclusive particulars:

    a. Failing to see what should have been seen;

    b. Recklessly and/or carelessly operating the industrial sized 3-shelf utility cart;

    c. Failing to properly inspect the area where the accident occurred;

    d. Failing to maintain the premises and render it safe for customers;

    e. Failing to warn of an unreasonably dangerous condition;

    f. Failing to use reasonable and prudent care under the circumstances;

    g. Failing to prevent the risk of foreseeable harm to a public patron, like petitioner, resulting in a breach of a duty owed to petitioner, and

    h. Any and all other acts of negligence which may be revealed between now and the time of trial and amended herein, all in violation of the laws and ordinances of the

Parish of Terrebonne and State of Louisiana as if copied here in extenso.

**11.**

As a result of the aforementioned incident, Mr. Samanie sustained injuries, including, but not limited to, significant injury to his lower back for which Mr. Samanie has endured significant pain, suffering, mental anguish, past and future medical expenses, travel expenses, loss of household services, loss of consortium, loss of enjoyment of life, and associated miscellaneous expenses, and all others that occurred as a result of the fault of Walmart Supercenter, for which Mr. Samanie claims a reasonable sum in the premises.

**12.**

WHEREFORE, your Petitioner, JAMIE SAMANIE, prays that this Petition be deemed good and sufficient, that the Defendant be served with a certified copy of this Petition and duly cited to appear and answer same within the delays allowed by law and after all due delays and legal proceedings be had, there be judgment herein in favor of Petitioner, JAMIE SAMANIE, and against the Defendant, WALMART, INC., for the reasonable sum in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, and for all other general and/or equitable relief.

RESPECTFULLY SUBMITTED:

David C. Spinner, LA Bar No. 34771
Galen M. Hair, LA Bar No. 32865
**Hair Shunnarah Trial Attorneys, LLC**
d/b/a Insurance Claim Lawyers, Inc.
d/b/a Insurance Claim HQ
3540 S. I-10 Service Rd. W, Suite 300
Metairie, LA 70001
Phone: (504) 684-5200
Fax: (504) 613-6351
hair@hairshunnarah.com
spinner@hairshunnarah.com
*Attorneys for Plaintiff*

PLEASE SERVE:

WALMART, INC.
*Through its registered agent:*
C T CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. ___NOV 1 6 2021___, 20____

BY ___Jessica M. Dardar___
Deputy Clerk of Court